

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOHN T. HARDEE,**

> **Plaintiff,**

> v.                                                 **Civil Action No. 3:20cv729**

**CHRISTOPHER WALZ,** *et al.*,

> **Defendants.**

## <u>MEMORANDUM OPINION</u>

John T. Hardee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is proceeding on Hardee's Third Amended Complaint.[2]  (ECF No. 117.)  Hardee's claims stemmed from his infection with COVID-19 while incarcerated in the Hampton Road Regional Jail ("HRRJ").  Hardee named the following individuals and entities in the Third Amended Complaint:  Superintendent Christopher Walz; Assistant Superintendent Felicia Cowan; Captain Winston Bhagirath; Sergeant Mary Cheeseboro; Sergeant T. Jones; Officer Matthew Tillman, Ebony Atkins (formerly known as Ebony Clark) (the Court refers to the foregoing individuals collectively as the "Jail Defendants");  Nurse Kathryn Topham; and Nurse Practitioner Jennifer Hodge (collectively the "Medical Defendants");  the Virginia

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.  The Court employs the pagination assigned by the CM/ECF docketing system.

Department of Corrections ("VDOC"); Harold Clarke, the Director of the VDOC; and, "Correct Care Solutions and its other name, Well Path." (ECF No. 117, at 1.)

By Memorandum Opinion and Order entered on September 1, 2023, the Court granted the Motion to Dismiss filed by Harold Clarke and the VDOC and granted the Motions for Summary Judgment filed by the remaining parties. (ECF Nos. 162, 163.) Hardee appealed.

On June 23, 2025, the United States Court of Appeals for the Fourth Circuit affirmed the grant of the Motion to Dismiss, but vacated the grant of the Motions for Summary Judgment. *See Hardee v. Walz*, No. 23-6966, 2025 WL 1733957, at *1 (4th Cir. June 23, 2025). The Fourth Circuit stated:

> Consistent with our precedent at the time that it entered its order, the district court assessed Hardee's claims alleging failure to protect his health and inadequate medical care in violation of the Fourteenth Amendment using the Eighth Amendment test for deliberate indifference claims of convicted prisoners. *See, e.g., Younger v. Crowder*, 79 F.4th 373, 382 (4th Cir. 2023); *Moss v. Harwood*, 19 F.4th 614, 624 & n.4 (4th Cir. 2021). That test has both an objective element and a subjective element. *See Younger*, 79 F.4th at 382.
> After the district court entered its order, we held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), abrogated our prior precedent applying a subjective deliberate indifference standard to pretrial detainee claims and permitted "pretrial detainees to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purposes' or is 'excessive in relation to that purposes.'" *Short v. Hartman*, 87 F.4th 593, 610–11 (4th Cir. 2023) (quoting *Kingsley*, 576 U.S. at 398). "Now, it is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable,'" *i.e.*, "that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 611 (citations omitted).
> Because the district court did not have the benefit of our decision in *Short* and thus applied the wrong legal standard when addressing Hardee's claims, we conclude that the district court committed reversible error. *See Simmons v. Whitaker*, 106 F.4th 379, 387–88 (4th Cir. 2024). We therefore vacate the district court's grant of summary judgment and remand for the district court to apply the correct legal standard to Hardee's claims.

*Id.* at *1–2. The Fourth Circuit also noted:

2

> After this appeal was filed, Appellee Correct Care Solutions, a/k/a Wellpath, LLC ("Correct Care") was discharged from liability by the United States Bankruptcy Court for the Southern District of Texas for claims against it involving incidents that occurred before November 11, 2024; and the automatic stay was lifted. We therefore lift our stay and grant Correct Care's motion to dismiss it from this cause of action. (ECF No. 33).

*Id.* at *1 n.2.

Thereafter, on November 6, 2025, and November 7, 2026, respectively, the Jail Defendants and the Medical Defendants filed Renewed Motions for Summary Judgment utilizing the deliberate indifference standard set forth in *Short v. Hartman.* (ECF Nos. 191, 195.) The Court issued appropriate notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) to Hardee. (ECF Nos. 194, 198.) Because the Renewed Motions for Summary Judgment had been mailed to an outdated address, by Memorandum Order entered December 11, 2025, the Court directed Defendants to remail the Renewed Motions for Summary Judgment to Hardee at his current address. (ECF No. 201.) The Court again issued appropriate Roseboro notice to Hardee. (ECF Nos. 203, 204).

Subsequently, on February 6, 2026, the Court received a letter from Hardee requesting subpoenas. (ECF No. 209.) The Local Rules provide:

> Parties appearing *pro se* may apply for subpoenas in their own behalf. All such requests by such party must be accompanied by a memorandum setting forth the names and addresses of witnesses or the documents requested and why and for what purpose or purposes. All such requests by *pro se* parties shall be referred to a judge or magistrate judge of this Court who shall first determine whether the requested subpoena shall issue; provided, however, that such determination shall not preclude any witness or person summoned or other interested party from later contesting the subpoena.

E.D. Va. Loc. Civ. R. 45(A). Hardee's letter request for subpoenas (ECF No. 209) is not accompanied by the appropriate memorandum and will be DENIED.

On March 9, 2026, Hardee filed his Renewed Opposition to Motion for Summary. (ECF No 210.)[3] Also on that date, Hardee submitted an Application for Deposition Subpoenas (ECF No. 212) and a Memorandum for Deposition Subpoenas (ECF No. 213), wherein he seeks to depose former inmates at the HRRJ, employees of the HRRJ, and employees of Correct Care Solutions. (ECF No. 213, at 1–2.) Hardee implicitly suggests that the Court should underwrite the costs of his depositions because he is proceeding *in forma pauperis*. The fact that Hardee is proceeding *in forma pauperis* does not entitle him to have his "witness fees or other expenses for proposed depositions waived or paid at government expense." *Hooper v. Tulsa Cnty. Sheriff Dep't*, No. 96-5103, 1997 WL 295424, at *2 (10th Cir. 1997). "There is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (citing *Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 625 (E.D. Va. 1979)); *see Moss*, 83 F.R.D. at 625 ("The general 'rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.'" (quoting *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976))). Because Hardee fails to suggest that he can pay the expenses associated with his request to depose various individuals, his Application for Deposition Subpoenas (ECF No. 212) will be DENIED WITHOUT PREJUDICE.

On March 9, 2026, Hardee filed multiple Motions for the Production of Documents (ECF Nos. 215, 216, 217.) In the first of Motions for Production of Documents (ECF No. 215), Hardee requests free copies of documents he previously filed with the Court. Hardee's indigent

---

[3] Hardee titled his document as a Motion in Oppositions to Defendants' Renewed Motion for Summary Judgment. (ECF No. 210.) Because the submission is truly just an Opposition to the Renewed Motions for Summary Judgment, the Clerk will be DIRECTED to terminate the motion associated with ECF No. 210.

status does not entitle him to free copies at the government's expense. *See Moss*, 83 F.R.D. at 625. Hardee's first Motion for Production of Documents (ECF No. 215) will be DENIED.

In his second Motion for Production of Documents, Hardee requests that the Jail Defendants provide the jail records of inmates from the HRRJ, other internal records from the HRRJ, and photographs and videos from the HRRJ. (ECF No. 216, at 1–2.) In his third Motion for Production of Documents, Hardee requests that the Medical Defendants provide him with the medical records of other inmates at the HRRJ and any records of his encounter with the male nurse who took Hardee's COVID-19 test on April 23, 2020. (ECF No. 217, at 1.) The Jail Defendants and Medical Defendants filed oppositions to Hardee's Motion for Production of Documents. (ECF No. 221, 222.) It is plain that Hardee's second and third Motions for Production of Document were filed prematurely and fail to comply with the Local Civil Rules for the Eastern District of Virginia. First, Hardee failed to file an accompanying "written brief setting forth a concise statement of the facts and supporting reasons [for his motion], along with a citation of the authorities upon which [he] relies." E.D. Va. Loc. Civ. R. 7(F). Second, discovery is to be conducted on an informal basis.[4] No motion concerning discovery may be filed with the Court until the parties have made a good faith effort to resolve all legitimate discovery disputes. *See* E.D. Va. Loc. Civ. R. 37(E). The Court reminds Hardee that discovery

---

[4] Under the Federal Rules, a party must send discovery requests to the party in possession of the relevant information or documents. Therefore, it is improper for a party to file his or her initial discovery requests with the Court. *See Townsend v. Rhodes*, No. 4:14–CV–10411, 2015 WL 1781230, at *2 n.2 (E.D. Mich. Apr. 20, 2015) ("[T]here are rules which govern the exchange of information *between parties* by way of interrogatories (Fed. R. Civ. P. 33), requests for the production of documents (Fed. R. Civ. P. 34) or requests for admission (Fed. R. Civ. P. 36)."); *Cook v. Sicilian*, No. 2:20-cv-781, 2020 WL 9159969, at *1 (S.D. Ohio Apr. 14, 2020) ("Plaintiff is again ORDERED to send discovery requests directly to the [d]efendants and not file them with the Court until or unless they are used in a proceeding or the Court orders filing." (emphasis omitted)). Moreover, "[a] party cannot successfully move for an order compelling the production of documents when that party did not first seek this information in accordance with Rule 34." *Durham v. Mohr*, No. 2:14-cv-581, 2015 WL 9312105, at *3 (S.D. Ohio Dec. 23, 2015) (citations omitted); *see* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34).

requests must be reasonable and relevant to the issues presently before the Court. Hardee must also certify that a good faith effort has been made to resolve the discovery matter at issue by conferring with counsel for the defendants regarding the resolution of such matters. Fed. R. Civ. P. 37(a)(1). Here, Hardee simply filed his Motions for Production of Documents without first seeking the documents from the Jail Defendants and the Medical Defendants. Further, there is no indication he made any good faith effort to resolve his discover requests prior to filing his motions. Accordingly, the second and third Motions for Production of Documents (ECF Nos. 216, 217) will be DENIED WITHOUT PREJUDICE.

Hardee also has filed a Federal Rule of Civil Procedure 56(d) Affidavit (ECF No. 214). Under Rule 56(d), a litigant opposing summary judgment may request time for discovery – or deferral or denial of summary judgment altogether – when he "cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). In his Rule 56(d) affidavit, Hardee asserts that he needs

> all of the video evidence that I requested in (ECF Nos. 1–4), and I need the Court to send me a copy of my subpoenas and request for evidence . . . . These videos are absolutely essential to my opposition and more time is certainly needed. Therefore, I am asking the Court to dismiss summary judgment in my favor, and grant more time to achieve discovery, through video evidence, and depositions, and tracking down previous co-plaintiffs.

(ECF No. 214 ¶ 20.)[5] Hardee also has filed a Motion to Grant Judgment in Favor of Plaintiff on the grounds of spoilation of evidence because the Jail Defendants failed to preserve certain video evidence.[6] (ECF No. 225.)

---

[5] In its prior opinion granting summary judgment, the Court noted:

> Hardee makes a number of references to his request for video footage from his housing unit. (*See, e.g.*, ECF Nos. 143, at 2; ECF No. 158, at 4.) Hardee filed Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action in conjunction with his faulty, initial class action complaint. (*See* ECF No. 1-4.) By Memorandum Order entered on October 16, 2020, the Court informed Hardee that the Court would not consider requests, like his requests for subpoenas, submitted

The Fourth Circuit has "explained, relief under Rule 56(d) is 'broadly favored and should be liberally granted in order to protect nonmoving parties from premature summary judgment motions,' *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014) (internal quotation marks omitted), consistent with the general rule that summary judgment should only be granted 'after adequate time for discovery.'" *Pledger v. Lynch*, 5 F.4th 511, 526 (4th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "This is especially true in the context of pro se litigation and when the movant exclusively controls evidence relevant to the nonmovant's opposition." *Jenkins v. Woodard*, 109 F.4th 242, 250–51 (4th Cir. 2024) (citing *Pledger*, 5 4th at 526.) Since this matter was remanded from the Fourth Circuit and considering Hardee's *pro se* status and his repeated, but defective attempts at discovery, the Court concludes there has not been adequate time for discovery.

Hardee is directed to review the relevant Federal Rule of Civil Procedure and Local Rules regarding discovery. The Clerk will be DIRECTED to provide Hardee with a copy of the Local Civil Rules for the Eastern District of Virginia. The parties are expected to resolve discovery disputes without filing motions or involving the Court. Should a dispute arise, consistent with Local Rule 37(E), Hardee and counsel must confer in good faith to resolve the dispute. If, after a good faith effort, Hardee and counsel are unable to resolve a dispute and the resolution of the dispute requires Court intervention, the aggrieved party shall file an appropriate motion with the Court.

---

prior to his payment of the filing fee or the grant of leave to leave to proceed in forma pauperis. (ECF No. 5, at 2.) Hardee never resubmitted a proper request for subpoenas. Nor did he pursue a proper discovery request for any video footage.

*Hardee*, 2023 WL 5673952, at *8 n.11.

[6] Hardee's Motion to Respond to Defendants' Response (ECF No. 224) will be GRANTED.

The Renewed Motions for Summary Judgment (ECF Nos. 191, 195) are DENIED

WITHOUT PREJUDICE.[7] Hardee's Motion to Grant Judgment in Favor of Plaintiff (ECF

No. 225) will be DENIED WITHOUT PREJUDICE.

The parties will be GRANTED an additional sixty (60) days to conduct discovery. Any

motion concerning discovery must be filed within seventy (70) days of the date of entry hereof.

Any motion for summary judgment must be filed within hundred (100) days of the date of entry

hereof. Any further motions regarding discovery will be referred to the Honorable Mark R.

Colombell, United States Magistrate Judge.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
M. Hannah Lauck
Chief United States District Judge

Date: 6|10|26
Richmond, Virginia

---

[7] In renewing any motion for summary judgment, the parties must provide pinpoint citations to the paragraph or pages of any documents relied upon to support their position. For example, the Jail Defendants broad citations to "Medical Records" or an individual's affidavit are insufficient. (*See, e.g.*, ECF No. 192, at 4.)

8